☐ ORIGINAL

FILED
2011 JUL -5 P 3:
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

E-filing

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH CARLSON, | Case No. CV 11 3283 LB |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| HUNT & HENRIQUES, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.   Plaintiff, Sarah Carlson ("Plaintiff"), is a natural person residing in Sonoma county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.   At all relevant times herein, Defendant, Hunt & Henriques, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.   At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about March 22, 2011, a Notice of Levy Under Writ of Execution was delivered to the legal department at Plaintiff's place of employment. The Notice of Levy and Writ of Execution had been filed by Defendant in the Superior Court of Solano County, Case No. FCM117455.

7. Plaintiff was not in the office when the Notice of Levy was delivered by the process server. Upon her review of the documents, she discovered that although the name on the Notice of Levy and Writ of Execution matched hers, the social security number and address are not hers.

8. Plaintiff was never served with the lawsuit filed by Defendant, Solano Case No. FCM117455.

9. Defendant attempted to collect a debt from Plaintiff that does not belong to her by serving her with the Notice of Levy and Writ of Execution.

10. In attempt to resolve the matter, Plaintiff's counsel sent a letter to Defendant on April 13, 2011. When Defendant failed to respond, a second letter was sent on April 29, 2011. Defendant has not responded to either letter at this time.

11. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful, including, but not limited to, serving

Plaintiff with a notice of levy and writ of execution that was intended for a person with a different social security number(§1692e(4));

b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, serving Plaintiff with a notice of levy and writ of execution that was intended for a person with a different social security number (§1692e(5));

c) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, attempting to collect a debt from Plaintiff that is not hers (§1692e(2)(A));

d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, attempting to collect a debt from Plaintiff that is not hers (§1692e(10));

e) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, attempting to collect a debt from Plaintiff that is not hers (§1692f));

f) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, attempting to collect a debt from Plaintiff that is not hers (§1692f(1));

g) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, attempting to collect a debt from Plaintiff that is not hers (§1692f(1));

h) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, attempting to collect a debt from Plaintiff that is not hers (§1692d));

i) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law, including, but not limited to, serving Plaintiff with a notice of levy and writ of execution that was intended for a person with a different social security number (Cal Civ Code §1788.10(e));

j) Threatening to take an action against Plaintiff that is prohibited by §1788 of the California Civil Code, including, but not limited to, serving Plaintiff with a notice of levy and writ of execution that was intended for a person with a different social security number (Cal Civ Code §1788.10(f)); and

k) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, including, but not limited to, serving Plaintiff with a notice of levy and writ of execution that was intended for a person with a different social security number (Cal Civ Code §1788.13(j)).

12. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. Further, §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 28th day of June, 2011.

By: _____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff